1 | **KIZIRIAN LAW FIRM, P.C.**
ARMAND R. KIZIRIAN, SBN 293992
2 | 550 North Brand Boulevard, Suite 1500
Glendale, California 91203
3 | Telephone:  (818) 221-2800
Facsimile:   (818) 221-2900
4 | E-mail:      armand@kizirianlaw.com

5 | **BOYAMIAN LAW, INC.**
MICHAEL H. BOYAMIAN, SBN 256107
6 | 550 North Brand Boulevard, Suite 1500
Glendale, California 91203
7 | Telephone:  (818) 547-5300
Facsimile:   (818) 547-5678
8 | E-mail:      michael@boyamianlaw.com

9 | Attorneys for Plaintiffs CLEMENTINA BARRAGAN,
individually and on behalf of all others similarly situated.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLEMENTINA BARRAGAN, individually, and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br>　v.<br>CITY OF INDIO, a California municipal corporation; and DOES 1 through 25, inclusive,<br><br>　　　　　　　　　　Defendants. | CASE NO. 5:22-cv-01623<br><br>**[COLLECTIVE ACTION – 29 U.S.C. § 216]**<br><br>1. FAIR LABOR STANDARDS ACT – MINIMUM WAGES (29 U.S.C. § 206); and<br>2. FAIR LABOR STANDARDS ACT – OVERTIME WAGES (29 U.S.C. § 207).<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

1

Plaintiff Clementina Barragan ("Plaintiff") brings this action against Defendant City of Indio ("Defendant" or "Indio") for violations of the Fair Labor Standards Act of 1938, as amended ("FLSA") individually, and on behalf of all similarly situated individuals.

## GENERAL ALLEGATIONS

1. Plaintiff and other similarly situated employees who opt into this action (the "FLSA class" or the "class") are all current or former individuals employed by the City of Indio and are not exempt from the provisions of the FLSA.

2. Plaintiff, for herself and all other similarly situated employees, seeks to recover earned but unpaid wages including unpaid overtime compensation from Defendant.

3. Defendant's practices are in a direct violation of the FLSA. Plaintiff, for herself and all other similarly situated employees, contends that Defendant's FLSA violations are willful and, as such, the statute of limitations for FLSA violations should be three (3) years. Plaintiff, on behalf of herself and other similarly situated employees, seeks compensation for all uncompensated work time, including overtime, liquidated damages, and/or other damages as permitted by law, attorneys' fees, and costs.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction exists via federal question because Plaintiff alleges violation of the United States Fair Labor Standards Act (29 USC § 201, *et seq.*) (hereinafter, "FLSA").

5. Venue is proper because the acts and omissions giving rise to this litigation as to Plaintiff occurred in the geographic area of this Court's venue/jurisdiction, specifically in Riverside County, California, where Plaintiff worked for Defendants.

///

///

## THE PARTIES

6. Plaintiff Clementina Barragan was employed by Defendants as an Administrative Assistant within the City of Indio's Community Development Department during 2022. Plaintiff resided in and performed duties in the County of Riverside during the last year preceding the filing of this action.

7. Each Plaintiff has consented in writing to become a party to this action, and such Consents are herein filed with the Court as Exhibit "1". As additional persons consent in writing to become Plaintiffs in this action, such additional Consents will be filed with this Court.

8. Defendant City of Indio, is, and at all relevant times was, a political subdivision of the State of California, located in the County of Riverside. Defendant Indio is organized as a municipal corporation under the laws of the State of California and operates the municipal government of its namesake city.

9. Plaintiff is currently unaware of the true names and capacities of the defendants sued in this action by the fictitious names DOES 1 through 25, inclusive, and therefore sue those defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained. Plaintiff is informed and believes and based thereon state that the persons sued herein as DOES are in some manner responsible for the conduct, injuries and damages herein alleged.

10. Plaintiff is informed and believes and based thereon allege that each defendant sued in this action, including each defendant sued by the fictitious names DOES 1 through 25, inclusive, is responsible in some manner for the occurrences, controversies and damages alleged below.

11. Plaintiff is informed and believes and based thereon allege that DOES 1 through 25, inclusive, were the agents, servants and/or employees of Defendants and, in doing the things hereinafter alleged and at all times, were acting within the scope of their authority as such agents, servants and employees, and with the permission

and consent of Defendants.

12. Plaintiff is informed and believes and based thereon allege that Defendants ratified, authorized, and consented to each and all of the acts and conduct of each other as alleged herein. Each of the defendants were the agent and/or employee of the others, and the conduct of each defendant herein alleged was authorized and/or ratified by the others. The conduct of the Defendants was carried on by and through its authorized agents, including owners, officers, directors, managers and supervisors.

## FACTS

13. Plaintiff was employed by Defendant City of Indio as an Administrative Assistant in the City's Community Development Department. Plaintiff began working at the City of Indio in 2021 through a staffing agency. In late December 2021, Defendant Indio made Plaintiff a direct offer of employment and she became a municipal employee in January 2022. Plaintiff left her employment with Defendant in March 2022.

14. Throughout Plaintiff's time with the City of Indio, Defendant maintained an illegal pay policy it referred to as 'comp time'. Defendant Indio used 'comp time' to avoid paying Plaintiff and other non-exempt municipal employees overtime wages after forty hours of work per week as required by the FLSA.

15. When Plaintiff and other non-exempt municipal employees of Defendant worked beyond forty hours per week, Defendant Indio would not pay that employee any additional wages. Instead, the City of Indio would bank that time as 'comp time'.

16. If in a future workweek, an employee fell below forty hours of work for that week, Defendant Indio would use the banked 'comp time' to top off the employee so that they still received pay for forty hours of work. Moreover, when such 'comp time' was paid in a future workweek, Defendant would not credit such hours as overtime but would instead pay it as straight time, despite the fact that the

only reason the employee had any 'comp time' is precisely because they had previously worked in excess of forty hours in some prior workweek.

17.   This policy and practice, as applied to Plaintiff and the other non-exempt employees of Defendant Indio, is wholly illegal and in violation of the FLSA.  When an employee works beyond forty hours in a workweek, the FLSA does not permit the employer to elect to not pay the employee for those hours worked and instead pay them in a future workweek.

18.   Worse yet, the FLSA does not permit an employer to convert earned overtime hours into straight time by paying such hours tardy in some future pay period, as the City of Indio did with Plaintiff and the other non-exempt municipal employees.

19.   These blatantly unlawful policies and practices by the City of Indio demonstrate that Defendant's conduct was a willful violation of federal employment laws.

## COLLECTIVE ACTION ALLEGATIONS

20.   All current and former City of Indio non-exempt employees who were employed by Defendants in California during the preceding three years, including Plaintiff, are proposed collective action members.

21.   These collective action members are similarly situated.  Defendant Indio maintained the same 'comp time' policy as to all of its hourly employees.  Specifically, if a non-exempt employee of Defendant Indio worked beyond forty hours per week, Defendant Indio would fail to pay that employee for *any* of their time worked beyond forty hours in that workweek.  Instead, the non-exempt employee would simply gain an unpaid balance of 'comp time' to be used at a future date for a different workweek.

22.   Moreover, once the non-exempt employee of the City of Indio elected to use their 'comp time', Defendant Indio would fail to pay that employee their unpaid overtime.  Instead, Defendant Indio would pay the employee straight time instead of

**COMPLAINT**
5

overtime, even though the employee originally earned those 'comp time' hours specifically because they worked beyond forty hours in a prior workweek.

23. Thus, Defendant Indio violated the FLSA by failing to pay non-exempt employees for any time worked beyond forty hours for the workweek where such overtime hours were worked. Because this policy applied to Plaintiff and all of the other non-exempt employees of the City of Indio, this matter is well-suited to certification as a collective action pursuant to 29 U.S.C. § 216(b).

24. In addition, Defendant Indio further violated the FLSA by failing to pay its non-exempt employees at their overtime rate when it eventually did pay out the 'comp time' earned by such employees. For this additional reason, because this policy applied to Plaintiff and all of the other non-exempt employees of the City of Indio, this matter is well-suited for certification as a collective action pursuant to 29 U.S.C. § 216(b).

## FIRST COUNT

**(Failure to Pay Minimum Wages Owed – By Plaintiff Against All Defendants: Fair Labor and Standards Act, 29 U.S.C. § 206)**

25. Plaintiff incorporates by reference the allegations set forth above.

26. Each Defendant is an "employer" or "joint employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

27. Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

28. Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1) because they are a public agency, namely, a political subdivision of the State of California.

29. Defendants failed to pay Plaintiff the minimum wage in violation of 29 U.S.C. § 206.

30. Based upon the conduct alleged herein, Defendants knowingly, intentionally and willfully violated the FLSA by not paying Plaintiff the minimum

wage under the FLSA.

31. Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds.

32. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, minimum wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b).

## SECOND COUNT

**(Failure to Pay Overtime Wages Owed – By Plaintiff Against All Defendants: Fair Labor and Standards Act, § 29 U.S.C. § 207)**

33. Plaintiff incorporates by reference the allegations set forth above.

34. Each Defendant is an "employer" or "joint employer" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

35. Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

36. Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1) because they are a public agency, namely, a political subdivision of the State of California.

37. Defendants failed to pay Plaintiff the applicable overtime wage for each hour in excess of forty (40) during each workweek in which they worked in violation of 29 U.S.C. § 207.

38. Based upon the conduct alleged herein, Defendants knowingly, intentionally and willfully violated the FLSA by not paying Plaintiff the overtime wage required under the FLSA.

39. Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds.

40. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, overtime wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similar situated, prays for judgment against Defendants as follows:

1. Recovery of monetary damages in the form of unpaid regular wages, liquidated damages equal to the amount of unpaid regular wages, plus prejudgment and post-judgment interest;

2. Recovery of monetary damages in the form of unpaid overtime compensation, liquidated damages equal to the amount of unpaid overtime compensation, plus prejudgment and post-judgment interest;

3. A determination that Defendants willfully violated the FLSA thereby entitling Plaintiff and all similarly situated individuals to recover monetary damages for a three-year period preceding the filing of this action;

4. A complete and accurate accounting of all compensation to which Plaintiff and all similarly situated individuals are entitled;

5. For reasonable attorneys' fees pursuant to 29 U.S.C. Section 216(b);

6. For costs of suit incurred herein; and

7. For such other and further relief as the Court deems just and proper.

DATED: September 14, 2022     **KIZIRIAN LAW FIRM, P.C.**
**BOYAMIAN LAW, INC.**

By: /s/ Armand R. Kizirian
      Armand R. Kizirian
      Michael H. Boyamian
Attorneys for Plaintiff CLEMENTINA BARRAGAN, individually and on behalf of all others similarly situated

## DEMAND FOR JURY TRIAL

Plaintiff Clementina Barragan, individually, and on behalf of all similarly situated individuals, demands jury trial of this matter.

DATED: September 14, 2022 **KIZIRIAN LAW FIRM, P.C.**
**BOYAMIAN LAW, INC.**

By: /s/ Armand R. Kizirian
    Armand R. Kizirian
    Michael H. Boyamian
Attorneys for Plaintiff CLEMENTINA BARRAGAN, individually and on behalf of all others similarly situated

# Exhibit "1"

# PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. against my current/former employer named below, and any other related entities or affiliates (herein after collectively referred as "Defendants"). I authorize my attorneys to attach this consent form to any related complaint filed on my behalf, or as may otherwise be appropriate

2. The consent form relates to my employment with <u>City of Indio</u>.

3. I am informed and believe that during my employment, which was within the past three years, there were occasions when I did not receive proper compensation for all of my hours worked.

4. My claims include, but are necessary limited to the following:
    a. <u>Failure to pay all wages due, including minimum wages.</u>
    b. <u>Failure to pay all wages due, including overtime wages.</u>

5. I expressly consent to be a party to a claim or lawsuit filed as a collective action. If this action does not proceed collectively, then I also consent to join any subsequent or other action to assert these claims against Defendants and any other related entities or affiliates.

Date: 09 / 14 / 2022

_____
Clementina Barragán