UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:22-cv-01623-SSS-SPx | Date | June 12, 2024 |
|---|---|---|---|
| Title | *Clementina Barragan v. City of Indio, et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. 30]**

## I.   INTRODUCTION

Before the Court is the City of Indio's Motion for Summary Judgment. [Dkt. 30, Mot.]  Plaintiff Clementina Barragan opposes.  [Dkt. 35, Opp'n].  The City replies.  [Dkt. 36, Reply].  Moreover, on May 22, 2024, the Court ordered the parties to submit supplemental briefing on the issue of whether an employer's failure to pay overtime also constitutes a failure to pay minimum wages.  [Dkt. 51]. Both parties filed supplemental briefing.  [Dkt. 53, 54].  Having reviewed the parties' arguments, relevant legal authority, and record in this case, the Motion for Summary Judgment is **GRANTED**.

## II.   BACKGROUND

Clementina Barragan began working as an administrative assistant for the City of Indio in January 2022.  [Dkt. 37, Def.'s Resp. to Pl.'s Statement of Genuine Disputes ("Def.'s MF") ¶¶ 1–2].  The City is a public agency and a political subdivision of the State of California.  [*Id.* ¶ 32].  During her employment, the City and Barragan's collective-bargaining unit entered into a Memorandum of Understanding.  [*Id.* ¶ 4].  The MOU allowed the City to provide Barragan with

compensatory time off ("CTO") instead of overtime pay "with the employee having the option of choosing which they wish to receive." [*Id.* ¶ 4].

According to Barragan, when she tried to submit a form selecting overtime pay on some unspecified occasion, her coworker, Vanessa Castillo, intercepted her request, rejected it, and told her that she had to resubmit the form with a request for compensatory time off rather than overtime pay. [Dkt. 37, Pl.'s Disputed Material Facts ("Pl.'s MF") ¶ 1]. Castillo explained to Barragan that the latter could not select overtime pay unless the City authorized overtime. [*Id.* ¶ 2]. Castillo was not Barragan's supervisor and was solely responsible for training her on certain aspects of her job when she started. [*Id.*]. Barragan spoke to the head of her department, Kevin Snyder, who told her that "unless there's a project that is assigned where we can charge overtime, there is no overtime." [Dkt. 35-2, Depo. of Clementina Barragan at 47:14–23].

During her tenure with the City, Barragan worked overtime on five separate workweeks, only three of which are relevant here: February 12–18, February 19–25, and March 4–11, 2022. [Def.'s MF ¶¶ 11–13]. For each of these workweeks, Barragan submitted a form, signed by her, on which she marked "comp. bank" indicating that she wished to received CTO in lieu of overtime pay. [*Id.* ¶¶ 21–23]. When her employment ended in March 2022, the City paid Barragan for any unused CTO hours at her regular rate of pay. [*Id.* ¶¶ 24-26, 31].

### III.  LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if the dispute over that fact may affect the outcome of the lawsuit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return a verdict for the nonmovant based on the evidence. *Id.* The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant has met its burden, the nonmovant must set forth specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In deciding a summary judgment motion, a court must believe the nonmovant's evidence and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

## IV. DISCUSSION[1]

To clarify, Barragan's FLSA overtime and minimum-wage claims are predicated on the theory that the City failed to pay her overtime wages. [*See* Dkt 1, Compl. ¶¶ 13–19, 25–40]. Because these are two distinct claims, the Court will address each separately below.

### A. FLSA Overtime Claim

The City argues it is entitled to summary judgment on Barragan's FLSA overtime claim. It contends there is no genuine dispute that the MOU allowed the City to provide Barragan with CTO instead of overtime pay, that Barragan chose CTO for compensation for the February 12–18, February 19–25, and March 4–11 workweeks, and that the City paid her for any unused CTO when her employment ended. These undisputed facts, the City argues, clearly show it did not violate the FLSA. The Court agrees.

The FLSA requires an employer to pay overtime to employees who work more than 40 hours per week. 29 U.S.C. § 207(a)(1). There is a "limited exception to this rule for state and local governmental agencies." *Moreau v. Klevenhagen*, 508 U.S. 22, 24 (1993); *see also* 29 U.S.C. § 207(o). A public employer, for example, may compensate an employee with CTO instead of overtime pay only pursuant to a memorandum of understanding "between the public agency and representatives of such employees." *Id.* § 207(o)(1)–(o)(2)(A)(i).

Under the MOU in this case, the City is allowed to compensate an employee with CTO instead of overtime pay "with the employee having the option of choosing which they wish to receive." [Def.'s MF ¶ 4]. The parties do not dispute that Barragan selected CTO when she submitted her Time Request Forms for the

---

[1] The City requests the Court take judicial notice of Municipal Code § 31.51. [Dkt. 34, Req. for Judicial Notice]. Barragan did not oppose. Although the request is unopposed, it is denied because it is irrelevant to the Court's disposition of the summary judgment motion. *See also Burrell v. Cnty. of Santa Clara*, 2013 WL 2156374, at *2 (N.D. Cal. May 17, 2013) (denying request for judicial notice of documents that were irrelevant to the court's decision of the motion); *Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) ("We decline to take judicia notice of the . . . [documents], as they are not relevant to the resolution of this appeal.").

February 12–18, February 19–25, and March 4–11 workweeks.  The parties do not dispute Barragan filled out those forms and signed them.  The parties do not dispute the City complied with Barragan's request and compensated her with CTO instead of overtime.  And the parties do not dispute that when her employment ended, the City paid Barragan for any unused CTO hours at her regular rate of pay.  Based on these undisputed facts, the City complied with the FLSA's overtime requirements.

The City further argues that Barragan's claim that she had no meaningful opportunity to choose overtime pay instead of CTO does not preclude summary judgment.  It contends that Barragan bases her argument on the fact that Castillo told her on a single occasion that she had to accept CTO and could not choose overtime pay.  The City argues that although this fact is disputed, it is *immaterial* because Castillo did not have the authority to unilaterally modify the MOU's terms that gives each employee the right to choose overtime pay or CTO.  It is clear from her opposition that Barragan disputes this fact.  However, she fails to substantively respond to the City's materiality argument.  [*See* Opp'n at 5–7].  Because Barragan made no substantive effort to address the City's argument, she concedes this fact is immaterial as to her FLSA overtime claim.  *See also Ramirez v. City of Buena Park*, 560 F.3d 1012, 1026 (9th Cir. 2009) ("A party abandons an issue when it has a full and fair opportunity to ventilate its views with respect to an issue and instead chooses a position that removes the issue from the case.") (quotation marks omitted); *Harleysville Ins. Co. v. King's Express, Inc.*, No. CV 19-3817-DMG (SKx), 2020 WL 7416172, at *7–8 (C.D. Cal. July 6, 2020) (granting defendant's motion for summary judgment where plaintiff failed to respond to defendant's arguments on certain issues).

Accordingly, based on the undisputed material facts, the City did not violate the FLSA's overtime provision and is entitled to summary judgment on this claim.

### B.     FLSA Minimum-Wage Claim

The City also moves for summary judgment on Barragan's minimum-wage claim, invoking the same exception found under the FLSA's overtime provision.  Before turning to the merits, the Court finds it necessary to address a more fundamental question: is an employer's failure to pay overtime a per se violation of the FLSA's minimum-wage provision?  After all, this is the theory that forms the basis of Barragan's minimum-wage claim.  [*See* Compl. ¶¶ 13–19, 25–32].

The FLSA minimum-wage provision requires an employer to pay an employee *minimum wage* for every hour she works in a workweek. 29 U.S.C. § 206(a). The FLSA establishes the following minimum wage rates:

(A) $5.85 an hour, beginning on the 60th day after May 25, 2007;
(B) $6.55 an hour, beginning 12 months after that 60th day; and
(C) $7.25 an hour, beginning 24 months after that 60th day.

*Id.* § 206(a)(1)(A)–(C). This provision ensures that "employees receive compensation for every hour worked at a rate *no less than* the congressionally prescribed *minimum* hourly wage to guarantee the bare necessities of life." *Douglas v. Xerox Bus. Servs., LLC*, 875 F.3d 884, 887 (9th Cir. 2017) (emphasis added). A "per-workweek" calculation is used to determine whether an employer has violated the FLSA's minimum-wage provision. *Id.* at 890. The calculation is simple: (total amount of money paid to the employee for a given workweek) / (number hours of worked) = (the average wage the employer paid to the employee). If the average wage exceeds the FLSA's minimum-wage rate, no liability attaches. But if the average wage falls below the statutory minimum-wage rate, liability attaches.

In this case, Barragan does not allege that the average wage she received each of the three workweeks fell below the statutory minimum wage. Instead, Barragan bases her minimum-wage claim on the theory that an employer's failure to pay overtime wages is *per se* violation of the FLSA's minimum-wage provision. Because this Court's research revealed no legal authority to support this proposition, it ordered the parties to submit supplemental briefing on this issue.

In her supplemental brief, Barragan argues the Ninth Circuit's decision in *Biggs v. Wilson*, 1 F.3d 1537 (9th Cir. 1993) is controlling. [Dkt. 54, Pl.'s Suppl. Br. at 1–2]. That opinion is far from controlling. The issue in *Biggs* was whether the defendant "violated the minimum wage provisions of the [FLSA] by paying wages 14–15 days late because there was no state budget, and thus no funds appropriated for the payment of salaries, on payday." *Id.* at 1538. The Ninth Circuit did not, however, address whether a failure to pay overtime wages is a per se violation the FLSA's minimum-wage claim. *See generally id.* at 1538–44.

To answer the Court's question there is no need to look beyond the text of the FLSA' minimum-wage provision. As noted above, this provision clearly states that an employer must pay an employee statutorily established minimum wages for the hours worked during a workweek. 29 U.S.C. § 206(a)(1)(A)–(C). But there is

nothing in the statute's text that automatically imposes liability when an employer fails to pay overtime wages.

Nor does this logically make sense. An example helps illustrate why. Imagine a scenario where an employee worked 50 hours in a single workweek. Ten of those hours qualify for overtime pay under the FLSA. The employee's regular pay rate is $16.00 for each hour worked. At the end of the workweek, the employer pays the employee her regular rate of pay for the entire 50 hours, which amounts to $800.00 but refuses to pay the employee overtime pay for the 10 overtime hours. Under this hypothetical, the employer cannot be held liable under the minimum-wage provision because the average minimum wage is $16.00, well above the FLSA's statutorily prescribed minimum wage rates. The employer may be held liable under the FLSA's overtime provision, however, for refusing to pay the employee a rate at least one and one-half times more than her regular rate of pay for the 10 overtime hours she worked. However, when applying Barragan's theory to this situation, the employer can be held liable under the minimum-wage provision even though the average minimum wage exceeds the rates proscribed in the statute.

Absent true controlling legal authority, the Court declines to adopt such a theory here. As such, the City is entitled to summary judgment on the FLSA minimum-wage claim.

## V.   CONCLUSION

For the above reasons, the Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**